UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      Case No. 1:20-cr-20378

v.                                          Honorable Thomas L. Ludington
                                              United States District Judge

DONNELL LAMONT WRIGHT,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS FOR APPOINTED COUNSEL**

This matter is before this Court upon Defendant Donnell Lamont Wright's two *pro se* Motions for Appointed Counsel.[1] ECF Nos. 39; 40. As explained hereafter, both Motions will be denied.

In August 2020, a grand jury indicted Defendant on one count of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a); one count of possession with intent to distribute fentanyl, *id.*; one count of possession of a firearm in furtherance of a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A); and one count of being a felon in possession of a firearm, *id.* § 922(g)(1). ECF No. 1. Defendant pleaded guilty to the last two counts and was sentenced to 130 months' imprisonment and three years' supervised release. ECF No. 35.

On January 27, 2022, Defendant sent a letter requesting appointed counsel presumably to aid him in preparing a motion under the First Step Act to challenge the consecutive sentencing for

---

[1] Defendant mailed two handwritten letters to this Court informally requesting appointed counsel to assess an unidentified change in the law regarding the concurrent effect of his sentence. In Defendant's interest, this Court has construed those two motions as motions for appointed counsel.

his convictions under § 922(g) and § 924(c). ECF No. 39. Defendant sent a substantially identical letter one week later. ECF No. 40.

The Sixth Amendment secures to a defendant who faces incarceration the right to counsel at all "critical stages" of the criminal process. *United States v. Wade*, 388 U.S. 218, 224 (1967). The Supreme Court has held that prisoners' post-conviction right to counsel extends to only the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam). Appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002).

Defendant has not demonstrated that appointment of counsel is warranted. Based on this Court's reading of his letters, Defendant is presumably attempting to file a motion for a sentence reduction under the First Step Act. Although this Court is sensitive to Defendant's desire for legal representation such motions do not involve complex facts or legal doctrines that would prevent him from effectively bringing the motion on his own behalf. *See, e.g.*, *United States v. Walker*, No. CR 15-20262, 2021 WL 5198551, at *2 (E.D. Mich. Nov. 9, 2021); *United States v. Mitchell*, No. 12-20332-01, 2021 WL 289556, at *3 (E.D. Mich. Jan. 28, 2021). And Defendant provides no explanation for his request.

For that reason, Defendant's Motions for Appointed Counsel will be denied.

- 3 -

Accordingly, it is **ORDERED** that Defendant's Motion for Appointed Counsel, ECF No. 39, is **DENIED**. Defendant may file a motion for sentence reduction under the First Step Act on his own behalf.

Further, it is **ORDERED** that Defendant's second Motion for Appointed Counsel, ECF No. 40, is **DENIED AS MOOT**.

Dated: March 2, 2022                                  s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge